1   DAVID VANHAVERMAAT, Cal. Bar No. 175761
    Email:  vanhavermaatd@sec.gov
2   FINOLA H. MANVELIAN, Cal. Bar No. 180681
    Email:  manvelianf@sec.gov
3   ANN C. KIM, Cal. Bar No. 212438
    Email:  kimac@sec.gov
4
    Attorneys for Plaintiff
5   Securities and Exchange Commission
    Rosalind Tyson, Regional Director
6   John M. McCoy III, Regional Trial Counsel
    5670 Wilshire Boulevard, 11th Floor
7   Los Angeles, California 90036
    Telephone:   (323) 965-3998
8   Facsimile:   (323) 965-3908

9

10                  **UNITED STATES DISTRICT COURT**

11           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                       **SOUTHERN DIVISION**

13

14

15   SECURITIES AND EXCHANGE               Case No. SACV 10-01165 DOC (RNBx)
     COMMISSION,
16                                         **JUDGMENT AS TO DEFENDANT**
                   Plaintiff,              **KONRAD C. KAFARSKI**
17
          vs.
18
     JOSEPH R. PORCHE, LARRY R.
19   CROWDER, KONRAD C. KAFARSKI,
     CARLTON L. WILLIAMS, GARY K.
20   JUNCKER, and DALE J.
     ENGELHARDT,
21
22                 Defendants.

23

24

25

26

27

28

1    The Securities and Exchange Commission (the "Commission") having filed

2  a Complaint and Defendant Konrad C. Kafarski ("Kafarski") having entered a

3  general appearance; consented to the Court's jurisdiction over Kafarski and the

4  subject matter of this action; consented to entry of this Judgment without admitting

5  or denying the allegations of the Complaint (except as to jurisdiction); waived

6  findings of fact and conclusions of law; and waived any right to appeal from this

7  Judgment:

8                                            **I.**

9         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Kafarski

10  and his agents, servants, employees, attorneys, and all persons in active concert or

11  participation with them who receive actual notice of this Judgment by personal

12  service or otherwise are permanently restrained and enjoined from violating

13  Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by,

14  directly or indirectly, in the absence of any applicable exemption:

15         (a)    Unless a registration statement is in effect as to a security, making use

16                of any means or instruments of transportation or communication in

17                interstate commerce or of the mails to sell such security through the

18                use or medium of any prospectus or otherwise;

19         (b)    Unless a registration statement is in effect as to a security, carrying or

20                causing to be carried through the mails or in interstate commerce, by

21                any means or instruments of transportation, any such security for the

22                purpose of sale or for delivery after sale; or

23         (c)    Making use of any means or instruments of transportation or

24                communication in interstate commerce or of the mails to offer to sell

25                or offer to buy through the use or medium of any prospectus or

26                otherwise any security, unless a registration statement has been filed

27                with the Commission as to such security, or while the registration

28                statement is the subject of a refusal order or stop order or (prior to the

1    effective date of the registration statement) any public proceeding or

2    examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

3    **II.**

4    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

5    that Kafarski and his agents, servants, employees, attorneys, and all persons in

6    active concert or participation with them who receive actual notice of this

7    Judgment by personal service or otherwise are permanently restrained and enjoined

8    from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer

9    or sale of any security by the use of any means or instruments of transportation or

10   communication in interstate commerce or by use of the mails, directly or

11   indirectly:

12        (a)    to employ any device, scheme, or artifice to defraud;

13        (b)    to obtain money or property by means of any untrue statement of a

14               material fact or any omission of a material fact necessary in order to

15               make the statements made, in light of the circumstances under which

16               they were made, not misleading; or

17        (c)    to engage in any transaction, practice, or course of business which

18               operates or would operate as a fraud or deceit upon the purchaser.

19   **III.**

20   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

21   that Kafarski and his agents, servants, employees, attorneys, and all persons in

22   active concert or participation with them who receive actual notice of this

23   Judgment by personal service or otherwise are permanently restrained and enjoined

24   from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act

25   of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

26   thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

27   interstate commerce, or of the mails, or of any facility of any national securities

28   exchange, in connection with the purchase or sale of any security:

1        (a)    to employ any device, scheme, or artifice to defraud;

2        (b)    to make any untrue statement of a material fact or to omit to state a

3               material fact necessary in order to make the statements made, in the

4               light of the circumstances under which they were made, not

5               misleading; or

6        (c)    to engage in any act, practice, or course of business which operates or

7               would operate as a fraud or deceit upon any person.

8    **IV.**

9    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kafarski

10   and his agents, servants, employees, attorneys, and all persons in active concert or

11   participation with them who receive actual notice of this Judgment by personal

12   service or otherwise are permanently restrained and enjoined from violating

13   Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, by making use of the mails or

14   any means or instrumentality of interstate commerce to effect any transaction, or to

15   induce or attempt to induce the purchase or sale of, any security, without being

16   registered as a broker or dealer in accordance with Section 15(b) of the Exchange

17   Act, 15 U.S.C. § 78o(b).

18   **V.**

19   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

20   that Kafarski is permanently barred from participating in an offering of penny

21   stock, including engaging in activities with a broker, dealer, or issuer for purposes

22   of issuing, trading, or inducing or attempting to induce the purchase or sale of any

23   penny stock.  A penny stock is any equity security that has a price of less than five

24   dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R.

25   240.3a51-1].

26   **VI.**

27   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kafarski

28   shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil

1  penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

2  Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall

3  determine the amounts of the disgorgement and civil penalty upon motion of the

4  Commission.  Prejudgment interest shall be calculated from February 29, 2008,

5  based on the rate of interest equal to the weekly average one-year constant maturity

6  Treasury yield, as published by the Board of Governors of the Federal Reserve

7  System, in accordance with 28 U.S.C. § 1961.  In connection with the

8  Commission's motion for disgorgement and/or civil penalties, and at any hearing

9  held on such a motion: (a) Kafarski will be precluded from arguing that he did not

10  violate the federal securities laws as alleged in the Complaint; (b) Kafarski may not

11  challenge the validity of the Consent or this Judgment; (c) solely for the purposes

12  of such motion, the allegations of the Complaint shall be accepted as and deemed

13  true by the Court; and (d) the Court may determine the issues raised in the motion

14  on the basis of affidavits, declarations, excerpts of sworn deposition or

15  investigative testimony, and documentary evidence, without regard to the standards

16  for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

17  Procedure.  In connection with the Commission's motion for disgorgement and/or

18  civil penalties, the parties may take discovery, including discovery from

19  appropriate non-parties.

20  **VII.**

21      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

22  Consent of Defendant Konrad C. Kafarski is incorporated herein with the same

23  force and effect as if fully set forth herein, and that Kafarski shall comply with all

24  of the undertakings and agreements set forth therein.

25  ///

26  ///

27  ///

28  ///

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated: September 13, 2010

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE