DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
ANN C. KIM, Cal. Bar No. 212438
Email: kimac@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH R. PORCHE, LARRY R. CROWDER, KONRAD C. KAFARSKI, CARLTON L. WILLIAMS, GARY K. JUNCKER, and DALE J. ENGELHARDT, <br><br><br> Defendants. | Case No. SACV 10-01165 DOC (RNBx) <br><br> **JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS JOSEPH R. PORCHE, GARY K. JUNCKER AND DALE J. ENGELHARDT** |

Plaintiff Securities and Exchange Commission (the "Commission") filed a Motion for Entry of Judgment by Default Against Defendants Joseph R. Porche ("Porche"), Gary K. Juncker ("Juncker"), and Dale J. Engelhardt ("Engelhardt") ("Motion for Judgment by Default"), pursuant to Rule 55 of the Federal Rules of Civil Procedure.  The Court, having considered the Commission's Motion, the memorandum of points and authorities filed in support of the Motion, the declarations, and all other documents filed in support of the Motion, and all other evidence and argument presented regarding the Motion, finds that:

## I.

IT IS ORDERED that the Commission's Motion for Judgment by Default against defendants Porche, Juncker, and Engelhardt is hereby GRANTED.

## II.

IT IS HEREBY FURTHER ORDERED, that defendants Porche, Juncker, and Engelhardt and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

///

///

1

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**III.**

IT IS HEREBY FURTHER ORDERED that defendant Porche and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IV.**

IT IS HEREBY FURTHER ORDERED that defendant Porche and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal

2

service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

IT IS FURTHER ORDERED that defendants Porche, Juncker, and Engelhardt, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS HEREBY FURTHER ORDERED that defendants Porche, Juncker, and Engelhardt are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any

penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## VII.

IT IS FURTHER ORDERED that defendants Porche, Juncker, and Engelhardt shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from August 4, 2010, based on the rate of interest equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, in accordance with 28 U.S.C. § 1961.  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) defendants Porche, Juncker, and Engelhardt will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) defendants Porche, Juncker, and Engelhardt may not challenge the validity of this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, prejudgment interest and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

///

///

1

**VIII.**

2     IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this

3 matter for the purposes of enforcing the terms of this Judgment.

4     **IX.**

5     There being no just reason for delay, pursuant to Rules 54(b) and 55 of the

6 Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment

7 forthwith and without further notice.

8

9

10 Dated:  December 29, 2010

    *David O. Carter*
    _____

11    HONORABLE DAVID O. CARTER
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28