DAVID VANHAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
ANN C. KIM, Cal. Bar No. 212438
Email: kimac@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH R. PORCHE, LARRY R. CROWDER, KONRAD C. KAFARSKI, CARLTON L. WILLIAMS, GARY K. JUNCKER, and DALE J. ENGELHARDT,<br><br>Defendants. | Case No. SACV 10-01165 DOC (RNBx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS JOSEPH R. PORCHE, LARRY R. CROWDER, GARY K. JUNCKER, AND DALE J. ENGELHARDT** |

Plaintiff Securities and Exchange Commission (the "Commission") filed a Motion for Final Judgment Against Defendants Joseph R. Porche ("Porche"), Larry R. Crowder ("Crowder"), Konrad C. Kafarski ("Kafarski"), Gary K. Juncker ("Juncker"), and Dale J. Engelhardt ("Engelhardt") (collectively, "Defendants") ("Motion for Final Judgment"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Court, having considered the Commission's motion, the memorandum of points and authorities filed in support of the motion, the declarations, and all other documents filed in support of the motion, and all other evidence and argument presented regarding the motion, finds that:

## I.

IT IS ORDERED that the Commission's Motion for Final Judgment is hereby GRANTED.

## II.

IT IS HEREBY FURTHER ORDERED, that defendants Porche, Crowder, Kafarski, Juncker, and Engelhardt and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS HEREBY FURTHER ORDERED that defendants Porche, Crowder, and Kafarski, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

IT IS HEREBY FURTHER ORDERED that defendants Porche, Crowder, and Kafarski, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

IT IS HEREBY FURTHER ORDERED that defendants Porche, Crowder, Kafarski, Juncker, and Engelhardt, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS HEREBY FURTHER ORDERED that defendant Crowder and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by

1  personal service or otherwise are permanently restrained and enjoined from
2  violating Section 15(b)(6)(B)(i) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)(i)]
3  by, for any person as to whom an order under Section 15(b)(6)(A) of the Exchange
4  Act [15 U.S.C. § 78o(b)(6)(A)] is in effect, without the consent of the
5  Commission, willfully becoming, or being, associated with a broker or dealer in
6  contravention of such order.

### VII.

IT IS HEREBY FURTHER ORDERED that defendants Porche, Crowder, Kafarski, Juncker, and Engelhardt are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### VIII.

IT IS HEREBY FURTHER ORDERED that: (a) defendants Porche and Crowder are jointly and severally liable for disgorgement of $11,246,424, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $274,076, for a total of $11,520,500; (b) defendant Kafarski is liable for disgorgement of $259,898, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,333, for a total of $266,231; (c) defendant Juncker is liable for disgorgement of $419,473, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,222, for a total of $429,695; and (d) defendant Engelhardt is liable for disgorgement of $18,975, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $462, for a total of

$19,437.  Defendants shall satisfy their obligations by paying the total amounts of disgorgement and prejudgment interest owed, as set forth above, within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying the remitter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to either of the Defendants.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### IX.

IT IS HEREBY FURTHER ORDERED that, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3): (a) defendant Porche shall pay a civil penalty in the amount of $1,727,335; (b) defendant Crowder shall pay a civil penalty in the amount of $737,397; (c) defendant Kafarski shall pay a civil penalty in the amount of

$259,898; (d) defendant Juncker shall pay a civil penalty in the amount of $419,473; and (e) defendant Engelhardt shall pay a civil penalty in the amount of $18,975.  Defendants shall make the payments within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the remitter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**X.**

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**XI.**

There being no just reason for delay, pursuant to Rules 54(b) and 55 of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: August 10, 2011            _____
                                   HONORABLE DAVID O. CARTER
                                   UNITED STATES DISTRICT JUDGE