DAVID VANHAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
ANN C. KIM, Cal. Bar No. 212438
Email: kimac@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOSEPH R. PORCHE, LARRY R. CROWDER, KONRAD C. KAFARSKI, CARLTON L. WILLIAMS, GARY K. JUNCKER, and DALE J. ENGELHARDT,<br><br>    Defendants. | Case No. SACV 10-01165 DOC (RNBx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT CARLTON L. WILLIAMS** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Carlton L. Williams ("Defendant" or "Williams") having entered a general appearance; consented to the Court's jurisdiction over Williams and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED that defendant Williams and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

IT IS FURTHER ORDERED that defendant Williams and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## III.

IT IS FURTHER ORDERED that defendant Williams is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## IV.

IT IS FURTHER ORDERED that defendant Williams is liable for disgorgement of $299,628, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $14,787, for a total of $314,415.  Based on Williams' sworn representations in his Statement of Financial Condition dated December 31, 2011,

and other documents and information submitted to the Commission, however, the Court is not ordering Williams to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Williams' Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Williams' representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Williams, petition the Court for an order requiring Williams to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Williams was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Williams to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant Williams may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

**V.**

IT IS FURTHER ORDERED that the Consent of Defendant Carlton L. Williams is incorporated herein with the same force and effect as if fully set forth herein, and that Williams shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

DATED: February 15, 2012

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE